**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**TALLAHASSEE DIVISION**

_____
                                                          )
RAMIRO SALAS-ALVAREZ,                                      )
AMPARO ANTONIO BANUELOS-POSADAS,                           )
VINCENT A. BLANCO-FERNANDEZ,                               )
ARNULFO MARTINEZ-MORENO,                                   )
SERGIO ARMANDO MORENO-SAUCEDA,                             )
BENITO PEREZ-SALINAS,                                      )
JUAN LUIS RAMOS-ARANDA,                                    )
JESUS MARTIN SAUCEDA-PINEDA,             )    CIVIL ACTION
FRANCISCO TORRES-RUIZ,                   )    No.
JORGE ZAPATA-BALLEZA,                                      )
PEDRO VAZQUEZ-TORREZ                                       )
                                                          )
                    Plaintiffs,                           )
                                                          )
v.                                                        )
                                                          )
                                                          )
GRAVES CREEK INC., d/b/a                                   )
WYRICK & SONS PINE STRAW,                                  )
                                                          )
                    Defendant.                            )
_____)

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,**
**INJUNCTIVE RELIEF, COSTS OF LITIGATION**
**AND ATTORNEY'S FEE**

**INTRODUCTION**

1.  This is an action by ten Mexican nationals who lawfully entered the United

States in 2013 to perform labor gathering, raking, baling and packing pine straw for the

Defendant in north-central and northwest Florida.  The Plaintiffs seek redress for the

Defendant's violations of the Migrant and Seasonal Agricultural Worker Protection Act,
29 U.S.C. §§ 1801, *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201,
*et seq.* ("FLSA"), and the minimum wage provisions of the Florida Constitution, Art. 10
§24.

2.  Each of the Plaintiffs entered the United States pursuant to an H-2B visa for
employment with the Defendant from approximately April 1 through November 29, 2013.  The
Defendant paid the Plaintiffs wages well below those required by the FLSA, the Florida
Constitution and applicable H-2B regulations.   The Plaintiffs were paid only their piece-rate
earnings, which routinely fell below the wage levels dictated by the FLSA, the Florida
Constitution and the H-2B regulations.  Rather than supplementing the workers' piece-rate
wages to boost them to the levels required by law, the Defendant fabricated payroll entries
relating to the hours worked by the Plaintiffs so as to reflect compliance with the H-2B
regulations, the Florida Constitution and the FLSA.

3.  Throughout the period of their employment with the Defendant, the Plaintiffs were
regularly denied the benefits and protections of the AWPA.  In its employment of the Plaintiffs,
the Defendant failed to comply with the AWPA's provisions relating to disclosures,
transportation, recordkeeping, wage statements, wage payment and working arrangements.

4.  The Plaintiffs seek payment of the additional wages due them, along with an award of
liquidated damages for their unpaid minimum and overtime wages. The Plaintiffs also seek
damages, declaratory relief and injunctive relief for the Defendant's violations of the AWPA.

**JURISDICTION**

5.  Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854(a), this action arising under the AWPA; by 29 U.S.C. § 216(b), this action arising under the FLSA; and by 28 U.S.C. § 1367, providing supplemental jurisdiction over the Plaintiffs' state law claims.

6. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they from part of the same case or controversy.

7.  The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.  §§ 2201 and 2202.

## VENUE

8.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 29 U.S.C. § 1854(a).   The Defendant is headquartered in this district and the Plaintiffs' claims arose within this district.

## PARTIES

7.  The Plaintiffs are citizens of Mexico, each of whom maintains his permanent residence in central Mexico.  At all times relevant to this action, the Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A), in that each one of them was employed in agricultural employment gathering, raking or baling pine straw during the Defendants' "busy season," extending from approximately February through November 2013. During this period, the Plaintiffs resided near Blountstown, Florida and were unable to return home nightly to their homes in Mexico. At all times relevant to this action, the Plaintiffs were engaged in the production of pine straw for sale in interstate commerce.

8.  Defendant Graves Creek, Inc. ("Graves Creek") is a Florida corporation based in Blountstown, Florida.  Graves Creek operates a business in northwest and north-central Florida gathering, harvesting and packing pine straw for sale to customers both within and outside of Florida.  At all times relevant to this action, Graves Creek was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7) in that, in exchange for valuable consideration, it recruited, hired, transported or employed the Plaintiffs for agricultural employment raking, harvesting and packing pine straw in its unprocessed state prior to delivery for storage.  Doing business as Wyrick & Sons Pine Straw, Graves Creek directed and supervised the Plaintiffs' pine straw work, provided daily job assignments, established the wage rates and working conditions and paid the Plaintiffs their wages for this work. At all times relevant to this action, Graves Creek employed the Plaintiffs within the meaning of the AWPA, 29 U.S.C. § 1802(5), and the FLSA, 29 U.S.C. § 203(g).

## COUNT I

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

9.  This count sets forth a claim by the Plaintiffs for damages, declaratory relief and injunctive relief with respect to Graves Creek's violations of the AWPA and its attendant regulations during the 2013 pine straw season in northwest and north-central Florida.

10.  In 2012, doing business as Wyrick & Sons Pine Straw, Graves Creek sought certification from the United States Department of Labor to import foreign nationals pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b), for employment in its commercial pine straw business for a period from April 1 through November 29,  2013.

11. As part of its temporary labor certification application, Graves Creek certified to the United States Department of Labor that, *inter alia*, the wages paid the foreign workers would equal or exceed the applicable prevailing wage for the occupation in the area of intended employment that was or would be issued by the Department of Labor during the period of certification. The prevailing wage for the proffered job was $9.90 per hour prior to June 12, 2013 and $17.14 per hour for work performed after that date. In addition, Graves Creek certified to the United States Department of Labor that for any hours worked in excess of 40 hours in a workweek, the workers would be paid an overtime premium as required by the Fair Labor Standards Act, 29 U.S.C. § 207.

12.  The temporary labor certification application described in Paragraph 11 constituted a working arrangement between Graves Creek and the Plaintiffs within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

13.  After being recruited and hired in Mexico by Graves Creek's agent, the Plaintiffs traveled at their own expense from their respective homes to the United States Consulate in Monterrey, Nuevo Leon, Mexico, where they applied for and were issued H-2B visas for employment with Graves Creek, doing business as Wyrick & Sons Pine Straw.   The Plaintiffs spent two nights in Monterrey waiting for their respective visa applications to be processed and incurred lodging fees during this stay.

14. The Plaintiffs each paid a visa application fee of $190, as prescribed by 22 C.F.R. § 22.1. In addition, each of the Plaintiffs also paid a fee for assistance in completing his respective application and related documents for an H-2B visa. After being issued their visas, the Plaintiffs traveled at their own expense from Monterrey to the U.S.-Mexico border, where each of them paid U.S. immigration officials a fee of six dollars for issuance of an arrival/departure document commonly known as Form I-94. After entering the United States, the Plaintiffs traveled at their own expense to Blountstown, Florida.

15. The Plaintiffs were not reimbursed for the expenses described in Paragraphs 13 and 14 during the first week of their employment with Graves Creek, or at any later time. As a result of incurring these pre-employment expenses, the Plaintiffs' wages for

their first workweek during the 2013-14 pine straw season were less than the federal

minimum wage rate, the Florida minimum wage and the Florida adverse effect wage rate

16. Upon their arrival in northwest Florida, the Plaintiffs were assigned to housing

by Graves Creek.  Through its agent, Pedro Simon, Graves Creek secured the rental of

two mobile homes in Blountstown, Florida to house the Plaintiffs and the other H-2B

workers. At all times relevant to this action, this housing was provided by Graves Creek,

within the meaning of the AWPA, 29 U.S.C. §1821(c) and its attendant regulation, 29

C.F.R. §§500.75(f).

17. Graves Creek failed to post in a conspicuous place or to present to the

Plaintiffs a written statement of the terms and conditions of occupancy at the facility

described in Paragraph 16, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and

its implementing regulations, 29 C.F.R. §§ 500.75(f) and 500.78.

18.  Throughout the period in 2013 during which it employed the Plaintiffs,

Graves Creek transported or caused the Plaintiffs to be transported on a daily basis in

various vehicles. The Plaintiffs did not have the ability to independently transport

themselves to the jobsite nor was there public transportation available from their housing

to the remote forest locations where the pine straw was gathered. Graves Creek's

transportation of the Plaintiffs to the jobsite was a necessary element in obtaining the

workers to harvest the pine straw.  Graves Creek did not have in effect an insurance

policy or liability bond insuring it in the requisite amounts against liability for damage to

persons and property arising from the transportation of the Plaintiffs in these vehicles,

thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§ 500.120 and 500.121.

19. In violation of the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), Graves Creek failed to make, keep and preserve records with respect to the labor of the Plaintiffs showing the actual hours worked, the basis on which wages were paid, the piece-work units earned and all other data required to be recorded pursuant to the AWPA and its implementing regulations.  Among other things, Graves Creek did not maintain records as to the time the Plaintiffs were employed gathering and raking pine straw and the sums withheld from the Plaintiffs' earnings for the cost of daily transportation between the housing facilities and the worksite.

20.  In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Graves Creek failed to provide the Plaintiffs at the time of payment of their wages with written statements that included the employer's name, address and Internal Revenue Service employer identification number, the wage rate paid for piece-work activities, an accurate listing of the hours worked, and an itemization of withholdings from wages such as the amount deducted from each bale bundled as payment for daily transportation

21. Graves Creek failed to pay the Plaintiffs the prevailing wage for all the work they performed, and failed to pay the Plaintiffs overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.   As set out in Paragraph 11, the prevailing wage for the proffered job was $9.90 per hour prior to June 12, 2013 and $17.14 per hour for work performed after that date. Graves Creek paid the

Plaintiffs only their piece-rate earnings for baling pine straw and failed to supplement

these earnings so as to boost the Plaintiffs' workweek wages to the applicable prevailing

wage rate.  In addition, although in many workweeks the Plaintiffs worked in excess of

forty (40) hours, Graves Creek failed to pay premium wages for this overtime work as

required by the Fair Labor Standards Act, 29 U.S.C. §207.  This resulted in part from

Grave Creek's failure to credit the Plaintiffs will all compensable hours worked.

    22.  Graves Creek failed to reimburse the Plaintiffs during their first week of

work, or at any time thereafter, for the pre-employment expenses these workers incurred

as described in Paragraph 13 and 14. These expenses were incurred primarily for Graves

Creek's benefit and included expenses associated with obtaining the H-2B visa and Form

I-94, lodging expenses while in Monterrey awaiting processing of their respective H-2B

applications, and expenses traveling from their homes in Mexico to Graves Creek's

jobsite.

    23.  By its actions as described in Paragraphs 21and 22, Graves Creek failed to

pay the Plaintiffs their wages promptly when due, thereby violating the AWPA, 29

U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

    24.  By its actions as described in Paragraphs 21and 22, Graves Creek violated

without justification its working arrangement with the Plaintiffs, thereby violating the

AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

    25.  The violations of the AWPA as set out in this count occurred as part of the

regular business practices of Graves Creek.  Grave Creek's violations of the AWPA and

its attendant regulations as set forth in this count were the natural consequences of its

conscious and deliberate acts and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

      26.  As a result of the violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs have suffered damages.

## COUNT II

## (FAIR LABOR STANDARDS ACT)

27.  This count sets forth a claim for declaratory relief and damages by the Plaintiffs for Graves Creek's violations of the minimum wage and overtime provisions of the FLSA.

28.  Graves Creek violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay each of the Plaintiffs workweek wages of at least $7.25 times the total number of compensable hours worked.

29.  Graves Creek violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay the Plaintiffs at an hourly rate equal to one and a half times the regular hourly rate at which each Plaintiff  was employed for every compensable hour of work performed over forty (40) in each workweek.

30.  The violations of the FLSA as set out in Paragraphs 28 and 29 resulted in part from Graves Creek's failure to supplement the Plaintiffs' workweek piece-rate earnings so as to raise them to a rate equal to or exceeding the minimum and overtime wage.

31.  The violations of the FLSA as set out in Paragraphs 28 and 29 resulted in part from Graves Creek's failure to credit the Plaintiffs with all compensable time worked during the 2013 pine straw harvest.

32.  The violations of the FLSA as set out in Paragraph 28 resulted in part from Graves Creek's failure to reimburse the Plaintiffs for the costs each of them incurred for facilities primarily benefitting Graves Creek, including visa-related expenses and the cost of travel from the point of hire to the area of Graves Creek's jobsite.

-12-

33.  As a consequence of Graves Creek's violations of the FLSA as set forth in this count, each of the Plaintiffs is entitled to recover the unpaid minimum and overtime wages due to him, plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUION)


34. This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendant's violations of the minimum wage provisions of the Florida Constitution.

35. Throughout the period the Plaintiffs were employed between April 1, 2013 and November 29, 2013, inclusive, Graves Creek failed to pay the Plaintiffs in compliance with the minimum wage provisions of the Florida Constitution, Article 10 § 24. Among other things, these underpayments resulted from Graves Creek's failure to pay the Plaintiffs for all compensable hours of work, its failure to supplement the Plaintiffs' workweek piece-rate earnings so as to raise them to a rate equal to or exceeding the Florida minimum wage, and its failure to reimburse the Plaintiffs for the costs each of them incurred for facilities primarily benefitting Graves Creek, including visa-related expenses and the cost of travel from the point of hire to the area of Graves Creek's jobsite.

36. The Plaintiffs have performed all conditions precedent required to present their claims under the Florida Minimum Wage Act.   By a letter to the Defendant on July 17, 2014, the Plaintiffs demanded payment of the unpaid wages due them, but Graves Creek has failed to pay the wages demanded.

37. As a result of Graves Creek's violations of the minimum wage provisions of the Florida Constitution as described above, each of the Plaintiffs is entitled to recover

-14-

the amount of his unpaid Florida minimum wages, and an equal amount as liquidated

damages, pursuant to Art. 10 § 24 (e) of the Florida Constitution.

-15-

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

a.   Declaring that Graves Creek has intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Count I;

b.   Declaring that Graves Creek has violated the minimum wage and overtime provisions of the Fair Labor Standards Act, as set forth in Count II;

c.   Declaring that Graves Creek violated the minimum wage provisions of the Florida Constitution, as set forth in Count III;

d.   Granting judgment in favor of the Plaintiffs on their claims under the AWPA as set forth in Count I and awarding each of them his actual damages (including prejudgment interest) or statutory damages of $500, whichever is greater, for every violation of the AWPA and its attendant regulations set forth in that count;

e.   Granting judgment in favor of the Plaintiffs on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of them his unpaid minimum and overtime wages and an equal amount in liquidated damages;

f.   Granting judgment in favor of the Plaintiffs on their claims under the minimum wage provisions of the Florida Constitution as set forth in Count III and awarding each of them his unpaid minimum and an equal amount in liquidated damages;

g.   Permanently enjoining Graves Creek from further violations of the AWPA and its attendant regulations;

h.   Awarding the Plaintiffs the costs of this action;

i.  Awarding the Plaintiffs a reasonable attorney's fee pursuant to § 448.08, Fla. Stat. with respect to their claims under the wage payment provisions of the AWPA;

j.   Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims under Fair Labor Standards Act; and

k.  Awarding the Plaintiffs a reasonable attorney's fee with respect to their claims under the minimum wage provisions of the Florida Constitution;

l.  Granting such further relief as this Court deems just and equitable.

Respectfully submitted,

**/s/ Andrea Ortega**
Gladys Andrea Ortega
Florida Bar Number 0097651
Florida Rural Legal Services
3210 Cleveland Avenue, Ste. 101
Fort Myers, Florida 33902
Telephone: 239-334-4554, ext. 4120
Fax: 239-334-3042
Email: andrea.ortega@frls.org

**/s/ Amanda Caldwell**
Amanda Caldwell
Florida Bar Number 0064237
Florida Rural Legal Services
3210 Cleveland Avenue, Ste. 101
Fort Myers, Florida 33902
Telephone: 239-334-4554, ext. 4112
Fax: 239-334-3042
Email: amanda.caldwell@frls.org

-17-

**/s/ Karla Martinez\_\_\_\_**
Karla C. Martinez, Esq.
Florida Bar No.: 0094674
e-mail: karla@floridalegal.org


**/s/ Gregory S. Schell\_\_\_**
Gregory S. Schell, Esq.
Florida Bar No.: 287199
e-mail: greg@floridalegal.org

Florida Legal Services, Inc.
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884


*Attorneys for Plaintiffs*