IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAMIRO SALAS-ALVAREZ et al.,

    Plaintiffs,

vs.                                                CASE NO.  5:14-cv-323-RS/GRJ

GRAVES CREEK, INC. d/b/a
WYRICK & SONS PINE STRAW,

    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Graves Creek, Inc., d/b/a/ Wyrick & Sons Pine Straw (hereinafter Defendant or Wyrick & Sons), by and through its undersigned attorneys, answers the COMPLAINT as follows:

### INTRODUCTION

1. Defendant admits that Plaintiffs worked for it in Calhoun and Jackson Counties in northwest Florida in 2013 raking and baling pine straw.  Defendant also admits that Plaintiffs have brought this action alleging violations as set forth in the Complaint.  The remaining allegations are denied.

2. Defendant admits that each Plaintiff entered the United States pursuant to an H-2B visa for employment with Defendant. The remaining allegations of this paragraph are denied.

3. The allegations of this paragraph are denied.

4. Defendant denies that Plaintiffs are entitled to the relief they seek.

## JURISDICTION

5. Defendant admits the allegations of this paragraph for establishing jurisdiction only.

6. Defendant admits the allegations of this paragraph for establishing jurisdiction only.

7. Defendant admits the allegations of this paragraph for establishing jurisdiction only.

## VENUE

8. Defendant admits it is headquartered in this district and venue is proper in this district. The remaining allegations are denied.

## PARTIES

7.(sic) Defendant is without knowledge of where Plaintiffs maintain their permanent residences but admits that Plaintiffs resided near Blountstown, Florida and were unable to return nightly to Mexico. Defendant further admits that Plaintiffs were hired to rake and bale pine straw while employed with Defendant and some of the pine straw was sold interstate. The remaining allegations are denied.

8.(sic) Defendant denies that it operates its business in north central Florida and that it recruited or transported Plaintiffs except on one occasion. It further denies that it established the wage rates of Plaintiffs. Defendant is without knowledge of what Plaintiffs mean by "in exchange for valuable consideration." The remaining allegations are admitted.

## COUNT I
### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

9. Defendant admits only that Plaintiffs are attempting to establish a claim under the AWPA but denies the remaining allegations of this paragraph.

10. Defendant admits the allegations of this paragraph.

11. Defendant admits the first sentence of this paragraph and that the prevailing wage was $ 9.90 at the beginning of the certification period. Defendant denies the remaining allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant admits that Plaintiffs applied for and were issued H-2B visas for employment at Wyrick & Sons. Defendant is without knowledge of where they traveled in Mexico or how long they stayed in any one place. Defendant denies the remaining allegations of this paragraph.

14. Defendant admits that Plaintiffs paid their own border crossing fee of $ 6.00 but denies the remaining allegations of this paragraph.

15. Defendant admits that Plaintiffs were not reimbursed for most of these expenses during the first week of Plaintiffs' employment because Defendant either prepaid the expenses or advanced wages to the Plaintiffs prior to their first week of work. Defendant denies the remaining allegations of this paragraph.

16. Defendant denies the allegations of this paragraph.

17. Defendant denies it had any obligation to post notices as it did not provide

housing to the Plaintiffs.

    18.    Defendant admits there was no public transportation for the workers to get to the fields.  Defendant denies that it provided any transportation except in one instance when an emergency arose, and it denies it had any obligation to provide transportation or insurance under the circumstances of Plaintiffs' employment.  All other allegations are denied.

    19.    Defendant denies the allegations of this paragraph.

    20.    Defendant admits that it failed to provide its name, address and federal identification number on Plaintiffs' pay stubs.  Defendant denies it made any deduction from Plaintiffs' wages for daily transportation.  Defendant admits that the pay stub did not show the prevailing wage but denies the remaining allegations.

    21.    Defendant denies the allegations of this paragraph.

    22.    Defendant admits it did not reimburse Plaintiffs during their first week of work for pre-employment expenses because the expenses were prepaid by Defendant as advanced wages before Plaintiffs arrived in the United States.  The remaining allegations are denied.

    23.    Defendant denies the allegations of this paragraph.

    24.    Defendant denies the allegations of this paragraph.

    25.    Defendant denies the allegations of this paragraph.

    26.    Defendant denies the allegations of this paragraph.

## Count II
### (Fair Labor Standards Act)

27. Defendant denies the allegations of this paragraph.

28. Defendant denies the allegations of this paragraph.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegation s of this paragraph.

## Count III
### (Minimum Wage Provisions of Florida Constitution)

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

36. Defendant denies the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

Defendant respectfully asks the Court to find that Defendant has paid Plaintiffs the wages they were due and acted in good faith in attempting to comply with the law, and further find that Plaintiffs are not entitled to the relief they seek.

## **AFFIRMATIVE DEFENSES**

### COUNT I
### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

FIRST AFFIRMATIVE DEFENSE

If it is determined that Defendant is not in compliance with the Migrant and Seasonal Agricultural Worker Protection Act, then the rules, regulations and opinions adopted by the Department of Labor interpreting and enforcing the Migrant and Seasonal Agricultural Worker Protection Act are so vague, ambiguous and inconsistent that they are not subject to uniform compliance and enforcement.

SECOND AFFIRMATIVE DEFENSE

Defendant utilized the services of USA Works and paid USA Works to advance on Plaintiffs' behalf any required expenses for Plaintiffs immigration in accordance with all applicable laws and regulations.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated damages inasmuch as Defendant acted in a good faith belief that its actions were not in violation of the Migrant and Seasonal Agricultural Worker Protection Act by relying on written and oral statements of the United States Department of Labor.

FOURTH AFFIRMATIVE DEFENSE

Defendant paid Plaintiffs, or most of them, in excess of the amount Plaintiffs were legally entitled. Such overpayment should be a setoff/credit for any damages claimed.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, H-2B non-agricultural workers, were employed by Defendant as Forestry and Conservation Workers and are not within the scope of the Migrant and Seasonal Agricultural Worker Protection Act as they were not engaged in agricultural employment.

SIXTH AFFIRMATIVE DEFENSE

Defendant's actions were justified and excused as an Act of God, and/or an unforeseeable circumstance prevented it from complying with any alleged requirements of the Migrant and Seasonal Agricultural Worker Protection Act.

SEVENTH AFFIRMATIVE DEFENSE

The Defendant is not subject to the provisions of the Migrant and Seasonal Agricultural Worker Protection Act because it is not an agricultural employer as defined by the act.

EIGHTH AFFIRMATIVE DEFENSE

Defendant is exempt from the coverage of the AWPA pursuant to the Family Business Exemption or the Small Business Exemption.

### COUNT II
### (FAIR LABOR STANDARDS ACT)

FIRST AFFIRMATIVE DEFENSE

If it is determined that Defendant is not in compliance with the FLSA, then the rules, regulations and opinions adopted by the Department of Labor interpreting and enforcing the FLSA are so vague, ambiguous and inconsistent that they are not subject to uniform compliance and enforcement.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated damages inasmuch as Defendant acted in a good- faith belief that its actions were not in violation of the Fair Labor Standards Act.

## THIRD AFFIRMATIVE DEFENSE

Defendant prepaid and/or advanced wages to Plaintiffs through USA Works for most pre-employment expenses in accordance with all applicable laws and regulations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, or most of them, were paid in excess of the Florida and federal minimum wages, were advanced wages and paid additional consideration to supplement their wages. In addition, Defendant has tendered additional money as full payment of any alleged obligations under the Fair Labor Standards Act.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/setoff for any compensation paid to Plaintiffs over and above the minimum wage for those hours they claim they did not receive a minimum wage.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/setoff for any money loaned or advanced to Plaintiffs that was not repaid.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/setoff for other facilities provided to Plaintiffs during their employment with Defendant.

EIGHTH AFFIRMATIVE DEFENSE

Any failure to pay overtime was *de minimus.*

NINTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiffs are agricultural workers and within the coverage of AWPA, then Plaintiffs are not entitled to overtime.

TENTH AFFIRMATIVE DEFENSE

Defendant is exempt from the FLSA based upon the small business exemption.

## COUNT III
### (MINIMUM WAGE PROVISIONS OF THE FLORIDA CONSTITUTION)

FIRST AFFIRMATIVE DEFENSE

Plaintiffs were paid minimum wage for each hour worked.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated damages inasmuch as Defendant acted in a good- faith belief that its actions were not in violation of the Constitution or Florida Statutes.

THIRD AFFIRMATIVE DEFENSE

Defendant utilized the services of USA Works, an employment agency, and paid USA Works to cover any required expenses for Plaintiff's immigration in accordance with all applicable laws and regulations.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, or most of them, were paid in excess of the Florida and federal minimum wage and were advanced wages to avoid out-of-pocket expenses. In addition, Defendant has

tendered additional money as full payment of any alleged obligations under the Florida Minimum Wage Statute.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/set-off for any compensation paid to Plaintiffs over and above the minimum wage for those hours they claim they did not receive a minimum wage.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/setoff for any money loaned or advanced to Plaintiffs that was not repaid.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/setoff for any other facilities provided to Plaintiffs during their employment with Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Any failure to pay overtime or minimum wages was *de minimus.*

### NINTH AFFIRMATIVE DEFENSE

Defendant is exempt from the provisions of Florida's law based upon the Small Business Exemption of the Fair Labor Standards Act.

WHEREFORE, Defendant respectfully requests the Court to deny Plaintiffs' prayer for relief, dismiss the Complaint with prejudice, and award costs and attorney fees to Defendant.

Dated this 4th day of December, 2014.

| | | |
|---|---|---|
| */s/ Rebecca S. Daffin* | | */s/ Cecilia R. Boyd* |
| Rebecca Southwell Daffin | and | Cecilia Redding Boyd |
| Florida Bar No.: 0599808 | | Florida Bar No.: 0004030 |
| Post Office Box 558 | | Cecilia Redding Boyd, P.A. |
| 131 Harrison Avenue | | P.O. Box 69 |
| Panama City, Florida 32402 | | Panama City, Florida 32402 |
| Phone: 850.769.0017 | | Phone: 850.872.8514 |
| Fax: 850.769.7465 | | Fax: 866.230.8514 |

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a notice of electronic filing will be sent by the Court to all attorneys of record.

*/s/ Rebecca S. Daffin*
Rebecca Southwell Daffin